UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61802-CV-DIMITROULEAS

MARLON A GRANADOS SAAVEDRA,

Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER, *et al.*,

Respondents.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Marlon A Granados Saavedra ("Petitioner")'s *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [DE 1], filed June 26, 2026. Petitioner argues that his continued detention, following an Immigration Judge's denial of bond based on a finding that Petitioner posed a risk of flight, violates the due process clause of the Fifth Amendment. [DE 1 at 4–5]. The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases[1] and finds that it must be summarily **DISMISSED**.

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan v. Warden,* 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d

[1] The Court may apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rules Governing § 2254 Cases, R. 1(b); *O'Neal v. United States*, No. 22-CV-20193-BB, 2022 WL 168536, at *1 (S.D. Fla. Jan. 19, 2022).

1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to relief.]"). Likewise, the Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, R. 4). The Court must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

On February 20, 2026, Petitioner was taken into Immigration and Customs Enforcement custody. [DE 1 at 3 ¶ 9]. Petitioner requested release on bond. [*Id*. at 3 ¶ 11]. Petitioner was provided an individualized bond hearing before an Immigration Judge. [*Id*. at 4 ¶ 12]. The Immigration Judge denied Petitioner bond based on a finding that Petitioner posed a risk of flight. [*Id*.]. Petitioner "disputes that determination" and requests that this Court order a new bond hearing before an Immigration Judge. [*Id*. at 4 ¶ 13, 6]. The Court declines to comment on Petitioner's challenge to the outcome of the bond hearing, which is not properly before the Court, and which lies in the sound discretion of the Immigration Judge. Moreover, Petitioner has not yet exhausted administrative remedies and may appeal the Immigration Judge's decision to the Board of Immigration Appeals. Accordingly, the Court shall dismiss the Petition.[2]

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Petition for a Writ of Habeas Corpus [**DE 1**] is **DISMISSED without prejudice.** All pending motions are **DENIED** as moot. The Clerk is directed to **CLOSE** the case.

---

[2] Alternatively, the Petition is due to be dismissed for Petitioner's failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See generally* Docket.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

Marlon A Granados Saavedra, *Pro Se*
A# 220318379
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073